**UNITED STATES of America**

v.

**Gary SMITH, Appellant.**

No. 09–1424.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a), Oct. 30, 2009.

Opinion Filed: Nov. 16, 2009.

---

Virgil B. Walker, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Christopher G. Furlong, I, Esq., Media, PA, for Appellant.

Before: SLOVITER, FUENTES, and HARDIMAN, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant Gary Smith was indicted on charges of possessing cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Prior to trial, Smith moved to suppress evidence obtained during a search of his mother's residence, which the District Court denied. The jury found Smith guilty of both charges. After trial, Smith filed a motion for judgment of acquittal pursuant to Rule 29, Fed.R.Crim. P., which the court denied. Smith appeals from the District Court's orders denying his suppression motion and his Rule 29 motion. We will affirm.

## I.

We write for the parties, and so we discuss the underlying facts and history only to the extent necessary to resolve the issues Smith raises on appeal. On October 2, 2006, Philadelphia Police Officer Gary Francis received an anonymous tip that a man named "Gary" (later identified as Smith) was supplying crack cocaine to drug dealers on the 100 block of East Pleasant Street, that Gary drove a black Monte Carlo with a specified license plate number, and that Gary lived at 136 East Pleasant Street. Officer Francis verified the details of this tip with a confidential informant who had proven reliable in the past. The informant further indicated that

Smith visited one of his dealers down the block at 156 East Pleasant Street on a regular basis.

On October 2, 2006, the confidential informant made a controlled drug buy from one Charles Wright outside of 156 East Pleasant Street. The next day, police officers conducting surveillance observed Smith exiting 136 East Pleasant, entering 156 East Pleasant, and returning to 136 East Pleasant multiple times; each time that Smith entered 136 East Pleasant, he entered without knocking or otherwise seeking permission. On October 10, 2006, the surveilling officers observed Smith exit 136 East Pleasant, approach his Monte Carlo across the street, reach down to the floorboard, and remove a clear plastic bag; Smith then approached a man on the street, extracted a small object from the bag, and gave it to the man in return for money. Smith then gave the plastic bag to a second man and drove away. The confidential informant purchased crack cocaine from this second man later that day.

Based upon this information, Officer Francis prepared an affidavit in support of an application for a search warrant for 136 East Pleasant Street. The affidavit described the preceding events in detail, including the officers' observations that Smith appeared to have engaged in a drug sale shortly after leaving the residence. It also listed the Police Department's "police photograph number" ("PPN") for Smith and for Wright. The affidavit noted that a criminal records check for Wright indicated that he had a prior arrest for narcotics; apart from Smith's PPN, the affidavit made no reference to Smith's criminal rec-

ord, which included a conviction for illegal weapons possession.

The magistrate issued a search warrant for 136 East Pleasant Street on October 11, 2006, which the officers executed later that day.[1] Resting on top of a tall cabinet in the dining room were a loaded firearm, ammunition, two plastic bags containing 161.07 grams of crack cocaine, a digital scale, two forms of picture identification for Smith, and mail addressed to Smith at the 136 East Pleasant Street address. The officers seized these items and arrested Smith, who had arrived as the officers were conducting the search.

Before trial, Smith moved to suppress the items recovered during the search, arguing that Officer Francis's affidavit did not establish probable cause for the search and that the affidavit demonstrated a reckless disregard for the truth which undermined the basis for the magistrate's probable cause determination. The District Court denied Smith's motion. After the jury found Smith guilty on both counts of the indictment, Smith filed a motion seeking a judgment of acquittal pursuant to Rule 29, Fed. R.Crim. P., which the District Court denied. This timely appeal followed.

## II.

Smith appeals the District Court's March 26, 2008 order denying his motion to suppress and the December 24, 2008 order denying his motion for a judgment of acquittal.[2] We conclude that the District Court properly denied both motions.

With regard to the order denying his suppression motion,[3] Smith raises two ar-

---

1. A woman believed to be Smith's mother and a child believed to be his son were in the residence at the time that the officers executed the search warrant.

2. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291.

3. "We review the district court's denial of the motion to suppress for clear error as to the underlying facts, but exercise plenary review

guments: he contends, first, that the contents of Officer Francis's affidavit failed to establish probable cause for the search of his residence, and, second, that facts omitted from the affidavit rendered it misleading and undermined the magistrate's probable cause finding. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Neither argument is persuasive.

■ First, the magistrate had a substantial basis to conclude that there was probable cause to search 136 East Pleasant Street.[4] Francis's affidavit revealed that Smith had unrestricted access to the residence in question; that Smith appeared to have engaged in a drug sale shortly after exiting the residence; and that Smith frequently shuttled back and forth between 136 East Pleasant and 156 East Pleasant, where, according to the confidential informant, Smith's drug distributor resided and where the informant made two controlled drug buys. We have recognized that "[i]f there is probable cause to believe that someone committed a crime, then the likelihood that that person's residence contains evidence of the crime increases," and that, with regard to drug crimes in particular, "evidence . . . is likely to be found where the [drug] dealers reside." *United States v. Burton*, 288 F.3d 91, 103 (3d Cir.2002) (citations omitted).

Application of the inference that drug dealers often store evidence of drug crimes in their residences is predicated on evidence of "three preliminary premises: (1) that the person suspected of drug dealing is actually a drug dealer; (2) that the place to be searched is possessed by, or the domicile of, the dealer; and (3) that the home contains contraband linking it to the dealer's drug activities." *Id.* at 104. Smith primarily argues that there was no evidence supporting the third premise. We disagree and find that there was ample evidence linking 136 East Pleasant Street to Smith's drug dealing activities. The proximity of Smith's residence to his drug activities, and the fact that he shuttled back and forth between 136 East Pleasant Street and the site of controlled buys and his own suspected sale of cocaine, satisfied the third prong of the *Burton* test. *See Jones*, 994 F.2d at 1057 (the fact that defendants' homes were near the site of the crime made the homes "a likely repository for evidence"). Based upon the totality of the circumstances disclosed in Francis's affidavit, the magistrate had a substantial basis for finding that there was a "fair probability that contraband or evidence of a crime" would be found in the residence. *United States v. Bond*, 581 F.3d 128, 139 (3d Cir.2009) (citation omitted).

■ Nor can we agree with Smith that Francis's affidavit demonstrated a "reckless disregard for the truth" such that the District Court erred in not suppressing the fruits of the search. *Franks*, 438 U.S. at 171, 98 S.Ct. 2674. Smith suggests that by including his and Wright's PPNs in the affidavit, which disclosed Wright's prior

as to its legality in light of the court's properly found facts." *United States v. Givan*, 320 F.3d 452, 458 (3d Cir.2003) (internal quotations, citations, and brackets omitted).

4. "When faced with a challenge to a magistrate's probable cause determination, a reviewing court must remember that its role is limited . . . . [to] ensur[ing] that the magistrate had a substantial basis for concluding that probable cause existed." *United States v. Jones*, 994 F.2d 1051, 1055 (3d Cir.1993) (citation omitted). Probable cause exists if the totality of the circumstances create a "fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Bond*, 581 F.3d 128, 139 (3d Cir.2009) (citation omitted).

narcotics arrest but did not specify the details of Smith's own criminal history, Francis "recklessly omit[ted] facts that any reasonable person would want to know"—*i.e.*, the fact that Smith's own criminal history did not include drug crimes—and thereby tainted the magistrate's probable cause finding. *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir.2006) (citation omitted). Smith's argument fails, because, once we engage in the *Franks* exercise of "supplying the omitted information to the original affidavit," *id.*, it is abundantly apparent that probable cause for the search would still exist, even if the original affidavit had spelled out that Smith's prior arrest was for unlawful weapons possession and not for drug crimes. That is, the basis for the magistrate's probable cause finding was Francis's recounting of Smith's own activities as observed by the officers and the informant; the finding of probable cause did not even remotely turn on whether or not Smith had a history of narcotics arrests.

Finally, we conclude that the District Court properly denied Smith's Rule 29 motion. Our review of whether a jury verdict was based upon sufficient evidence is highly deferential; the verdict must be sustained if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir.1996) (citation omitted, emphasis in original). Smith contends that there was insufficient evidence to support the jury's finding that he had constructive possession of the drugs and firearm found atop the cabinet at 136 East Pleasant Street.

■ We disagree. Constructive possession, which can be proved by circumstantial evidence, "requires an individual to have the power and intent to exercise both dominion and control over the object he or she is charged with possessing." *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir.2008) (citation omitted). As the Government argues, the evidence presented at trial was sufficient to establish Smith's constructive possession of the contraband: Smith had unfettered access to 136 East Pleasant Street (where the only other known residents were an elderly woman and a young child), Smith engaged in a suspicious transaction resembling a drug sale outside 136 East Pleasant Street, and, critically, the drugs and firearm were located atop a tall cabinet next to two forms of picture identification of Smith and mail addressed to Smith at the 136 East Pleasant Street address. Viewing the evidence in the light most favorable to the Government, we agree with the District Court that the jury could rationally have found beyond a reasonable doubt that Smith constructively possessed the firearm and narcotics.

## III.

For the foregoing reasons, we will affirm the judgment of conviction.[5]

---

**5.** On October 6, 2009, nearly eight months after this appeal was filed, Smith sought leave to file a supplemental brief to address an issue related to his sentence which was not raised in his initial submission and not preserved in this appeal. We denied Smith's motion as filed, but stated that the brief could

be submitted for our information, subject to our subsequent decision on whether to treat the untimely brief as filed. We conclude that Smith has waived his argument concerning his sentence, *see Brenner v. Local 514, United Broth. of Carpenters and Joiners of America*, 927 F.2d 1283, 1298 (3d Cir.1991) ("the fed-

eral and local rules of procedure requiring the appellant's brief to include a statement of the issues presented for appeal, *see* Fed. R.App. P. 28(a)(1)(3); Third Circuit Rule 21(1)(A)(d), would be without significance were we to countenance failure to include an issue, absent extraordinary circumstances"), and that, in any event, his argument is foreclosed by our decision in *United States v. Abbott,* 574 F.3d 203, 211 (3d Cir.2009).